# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHRISTOPHER L. LACY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 13-522-JHP-KEW** |
| | ) | |
| **ROBERT PATTON, DOC Director,**[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a former inmate of the Oklahoma Department of Corrections, challenges the execution of his sentences in Lincoln County District Court Case Nos. CF-2009-20, 2009-29, and 2009-48. He alleges he was not given sentence credit for the time he served in the county jail.

The respondent alleges, among other things, that the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Robert Patton, the current Director of the Oklahoma Department of Corrections is substituted for Interim DOC Director Edward Evans.

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The one-year limitations period also applies to § 2241 habeas corpus actions.  *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The record shows that petitioner began seeking review of his sentence administration as early as August 19, 2011.  (Dkt. 1 at 4).  He did not, however, file this petition until December 2, 2013, more than two years after his initial request to prison staff.  In addition, he has not presented any evidence of a timely challenge to the administration of his sentence in the state courts, and he has failed to demonstrate he has diligently pursued his claim.  Furthermore, petitioner makes no allegations of entitlement to statutory or equitable tolling of the limitations period.  Therefore, the court finds this habeas petition is untimely.

The court further finds petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also* 28 U.S.C. § 2253(c). Therefore, petitioner is denied a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** the respondent's motion to dismiss time-barred petition (Dkt. 9) is GRANTED, all other pending motions are DENIED, and this action is, in all respects, DISMISSED.  Furthermore, petitioner is DENIED a certificate of appealability.

DATED this 30th day of September 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma